ZEBINA GLEASON *vs.* THOMAS H. FAYERWEATHER.

A testator devised to one of his sons, whom he also appointed his executor, " the improvement, use and benefit of all my real estate, wherever it may be situated, with all the privileges thereto belonging, during his natural life, to the end that he may have the same for an inheritance so long as he may live, with no right to dispose of any part of the same except such lots as I shall here designate, viz. [describing four lots] all which he is authorized to sell; and I hereby authorize him to give good and lawful titles for the same, to enable him to pay my debts and legacies; all of which said lands he may dispose of at his option for the above purpose, if they should not be disposed of in my lifetime; the reversion of all which shall be at his disposal; and all the residue of my personal estate, not otherwise disposed of, I give to him to be at his disposal." *Held,* that the devisee took an estate in fee in all the real estate, and that the restraint upon alienation was void.

ACTION OF CONTRACT upon a sealed agreement for the purchase by the defendant and sale by the plaintiff of a parcel of land, to which the plaintiff claimed title under the following clause of his father's will made in 1849, and proved in 1850.

" Item. To my beloved son Zebina Gleason, I give and bequeath the improvement, use and benefit of all my real estate, wherever it may be situated, with all the privileges thereto belonging, during his natural life, to the end that he may have the same for an inheritance so long as he may live, with no right to dispose of any part of the same except such parts and lots as I shall here designate, viz : my two meadow lots, one the middle meadow, so called, the other called the farm swamp, both lying in Westborough, and my Brigham Lot, so called, lying in Northborough, with my house and lands lying in Worcester, all which he is authorized to sell; and I hereby authorize and empower him to give good and lawful titles for the same, to enable him to pay my just debts and the legacies which I have hereby

bequeathed, all of which said lands he may dispose of at his option for the above purpose, if they should not be disposed of in my lifetime; the reversion of all which shall be at his disposal; and all the rest, remainder and residue of my personal estate, not otherwise disposed of, I give to him to be at his disposal." The first disposing clause in the will was in these words: " In the first place, my just debts and funeral charges are to be punctually, and as speedily as may be, paid by my executor hereafter named, as also certain legacies hereafter bequeathed, and which he is to pay as herein directed, and in manner following." The remainder of the will consisted of a provision for the testator's wife, small legacies to his children and grandchildren, the appointment of the plaintiff to be sole executor, and directions that the expenses of any sickness and of the burial of his widow, as well as of suitable monuments for her and for himself, should be paid out of his estate.

The parties submitted the case to the court upon the will and the following statement of facts: The testator's property did not change materially between the execution of his will and his death. His debts, without including his legacies or the provision for the widow, exceeded by about $700 the value of the personal property and of the real estate expressly authorized to be sold. The land in question is not one of the excepted lots which the plaintiff is expressly authorized by the will to sell. The plaintiff executed and tendered a warranty deed of it, which the defendant refused to accept, on the ground that the plaintiff could not convey a perfect title. It is agreed, that if the plaintiff could convey the land in question in fee simple, judgment is to be rendered in his favor; otherwise he is to become nonsuit.

*D. Foster*, for the plaintiff.

*P. C. Bacon*, for the defendant. This is a devise to the plaintiff of an express estate for life only, with no power over the reversion, of those lots which it does not expressly authorize him to sell. It is not enlarged by the clause directing payment of the debts and legacies; for they are made a charge upon the estate, and not upon the plaintiff. *Wait* v. *Belding*, 24 Pick

139. 2 Jarman on Wills, 172, 512–526. The testator's apparent over estimate of the amount of his property cannot affect the construction. The validity of the prohibition against alienation is immaterial; for if the plaintiff could not convey a greater estate than for his own life, he cannot maintain this action. The clause, "the reversion of all which shall be at his disposal," refers only to those estates which he is expressly authorized to sell. The testator does not say that he means to dispose of all his property.

SHAW, C. J.* We are called upon in this case to put a construction upon an illiterate will, written apparently by one not aware of the force and effect of the language of which he made use. The question is, whether the plaintiff took an estate in fee as devisee under the will of his father. We can hardly expect to find any authority bearing very directly on the point. A few plain maxims of exposition, almost too familiar to require any thing but the shortest and plainest statement, must govern us. One is, to seek the intention of the testator, in doing which we are to look at every provision, clause and word of the will, which may tend to show the meaning of any particular clause; another is, so to construe it as to carry that intention into effect, so far as it can be done consistently with the established rules of law.

By the provision of the Rev. Sts. *c.* 62, § 4, " every devise in a will shall be construed to convey all of the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate." This rule slightly changes that of the common law, which holds that, in a deed or conveyance *inter vivos*, a conveyance to one named, without adding " heirs and assigns," passes a life estate only to the grantee; but in case of a will, in favor of the intent of the devisor, the rule is so far relaxed that, when the words " heirs and assigns" are omitted, an estate in fee will still pass, if it appears from the whole will that such was the intent of the testator.

* THOMAS, J did not sit in this case.

In inquiring the intent of the plaintiff's father in this will, it appears that it was his purpose to restrain and prohibit his son from parting during the son's lifetime with the estate he gave him, whether that estate was for life or in fee. This is an intent which cannot be carried into effect, however manifest, because it is contrary to the rules of law. A chief ingredient in the legal right of property is a right to dispose of it, a right to exchange, sell or give it away. *Blackstone Bank* v. *Davis*, 21 Pick. 42. Still, his intent to accomplish this purpose, if it appears, must have the same effect in interpreting the will as a whole, as if the law would permit it to have its intended effect.

The first clause in this item, the terms " improvement, use and benefit" unquestionably pass the estate itself, and the terms " all, wherever situated, with all privileges," extend it to every part of his real estate not afterwards excepted, and would carry a fee, were they not succeeded by the terms " during his natural life." These last words would limit the devise to an estate for life; and so it must stand, unless controlled by a pretty clear indication of a different intent, in other parts of the will. And we think there are several such indications.

In the first place, this clause, " during his natural life," is immediately followed by the reason, which is, " that he may have the same for an inheritance so long as he may live, with no right to dispose of any part except" four specified lots. The term " inheritance " is generally well understood, and means estate held by one as an estate of inheritance, an estate which will go to his heirs. In this sense, and taking it in connection with the restraining clause, it seems to import that he is to have the estate as if it were an estate in fee, subject only to this prohibition, that he shall not part with it during his life. It is to be remarked that this restriction upon alienation does not apply merely to a dwelling house, or homestead, or home farm, where the widow, to be supported by the son, may dwell and be furnished, as directed by the will; but it applies to all the estate given, wherever situated; and would be alike applicable, whether the estate given be held to be a life estate or a fee.

Again; placing the absolute disposal of the reversion with

this devisee shows an intention that the estate is to be ulti
mately his, as if it were an estate in fee, with the restriction
only that he shall not alienate it during his life, and looks to a
disposal of the same by will, not to operate till his own decease.
" The reversion of all which shall be at his disposal," we think,
cannot apply to the excepted estate which he authorized his son,
the devisee and executor, to sell, to raise money to pay debts;
because of that he is expressly empowered to give " good and
lawful titles," which, in our judgment, means complete, full titles,
titles in fee. To sell a life estate to raise money, when the
whole estate, as well by the law of the land as by the will, is
liable to be sold for the payment of debts and legacies, would
be so unusual, so ill adapted to the purpose, that such a con-
struction would be absurd. On these excepted parcels of estate,
when sold in fee, no reversion could arise; and the disposal of
the reversion given to the plaintiff then is not satisfied by sup-
posing that it was a reversion expectant upon the sale of the ex-
cepted estates; and the words must therefore apply to the other
estates, all of which were given by the residuary clause to the
plaintiff. And we think the words, " the reversion of all which,"
in the concluding clause, in connection with a general residuary
gift of all the remainder of his personal property, apply to the
whole paragraph ; whereas the terms " all of which said lands," in
the previous clause, are manifestly limited to the excepted land.

How then, it may be asked, does the term " reversion " apply,
if he had not given a life estate to the son? We suppose
the testator intended that the estate should ultimately go to
his son and his heirs, and thought he could lawfully prohibit
him from alienating the estate so long as he lived, and could do
this by giving him in one clause an estate for life, and in another
clause the reversion expectant on his decease ; for placing the
reversion absolutely at his disposal was, in legal effect, a devise
of the reversion to him. But the manifest intent of the testator
to prohibit the alienation of the estate by the son, during his
life, could not be carried into effect, and was inoperative and
void. Then it stands as if it were in terms a devise to his son
for life, the reversion to his heirs. The legal effect would be,

that, as the life estate must continue to the moment of his de-cease, and the devise of the reversion would commence at the same moment, by force of law these two rights, on probate of the will, vest in the devisee, and thereby coalesce and form an estate in fee ; or, which is perhaps a more simple way of considering it, taking the whole will together, it was the intention to give the plaintiff an estate in fee, prohibiting him from alienating any part of it during his life, except for the purpose of raising funds for the settlement of the estate ; the latter intent was inop-erative and void, and so the plaintiff took an estate in fee.

Some other considerations tend to the same conclusion, such as an apparent purpose to dispose of all his estate; no devise over of the remainder after the termination of the son's life ; and the general tone of the will.

At all events, we cannot say, according to the rule of exposi-tion prescribed in the revised statutes, that the testator, having himself an estate in fee in the premises, did not convey such an estate to the devisee ; because, we think, it does not clearly appear by his will that he intended to convey a less estate.

*Judgment for the plaintiff.*